Filing # 163108103 E-Filed 12/15/2022 11:11:22 AM

## IN THE CIRCUIT COURT FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

Case No:
Division:

NAGIHAN KILIC,
Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION,
Defendant.
_____/

## COMPLAINT

Plaintiff, NAGIHAN KILIC, by and through her undersigned counsel, sues the Defendant, COSTCO WHOLESALE CORPORATION and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds thirty thousand dollars ($30,000.00), exclusive of interest, costs and attorneys' fees.

2. Venue for this action is the FOURTH Judicial Circuit in and for DUVAL County, Florida.

3. The incident that gives rise to this Complaint occurred on August 15, 2021 in Jacksonville, Duval County, Florida.

4. At all times referred to herein, Plaintiff was and is a resident citizen of Jacksonville, Duval County, Florida.

5. At all times referred to herein, Defendant is a foreign corporation which at all material times conducted business in the State of Florida and is subject to jurisdiction in Florida as it has committed a tort in Florida.

6. At all times referred to herein, Defendant owned, operated, controlled, possessed and/or maintained Costco store number 357, which was located at or near Jacksonville, Florida 32246, in Duval County, Florida.

7. On August 15, 2021, Plaintiff, a business invitee that was lawfully on the Defendant's premises, was caused to slip and fall due to a dangerous, defective and/or unsafe condition, to wit, water and/or liquid and/or grime and/or grease and/or dirt left on the floor.

## COUNT I – NEGLIGENCE AGAINST DEFENDANT

Plaintiff realleges paragraphs (1) through (7) of this Complaint and incorporate them herein by reference as if each were fully set forth herein in their entirety and further alleges:

8. At all times referred to herein, Defendant owed Plaintiff, a duty to maintain its premises in a reasonably safe condition so as to be safe and free from foreseeable risks of harm, to refrain from conduct that would injure the Plaintiff, and to warn the Plaintiff of any dangerous conditions on its premises. Defendant's duties are non-delegable.

9. On August 15, 2021, Defendant by and through its agents, servants, representatives, and/or employees, breached its duties owed to Plaintiff, by one or more of the following ways:

   a. Negligently and carelessly failed to maintain the aisle ways and checkout area free of obstruction and debris; and/or

   b. Negligently and carelessly failing to maintain and clean the floors in Defendant's premises; and/or

   c. Negligently and carelessly failed to place cones, signs or otherwise warn or advise the Plaintiff of the presence of debris on the floor; and/or

  d. Negligently and carelessly failed to take appropriate corrective or remedial action to maintain the floor on its premises; and/or

  e. Negligently failing to hire sufficient personnel to maintain the floors; and/or

  f. Negligently failing to hire the appropriate personnel to maintain the floors; and/or

  g. Negligently failing to properly train, educate, and/or monitor its employees, agents, servants and/or representatives, so that invitee's such as the Plaintiff can be safe and free from foreseeable risks of harm such as water and/or liquid and/or grime and/or grease and/or dirt left on the floor; and/or

  h. Negligently and carelessly failed to properly and timely inspect the area of the floor where Plaintiff's accident occurred; and/or

  i. Negligently failed to institute or implement policies and procedures of a reasonable inspection and cleaning of its premises, thereby causing water and/or liquid and/or grime and/or grease and/or dirt to remain on their floors for an unreasonably long amount of time; and/or

  j. Was otherwise negligent at the time and place complained of.

10. At all times referred to herein, Defendant knew or, in the exercise of reasonable care, should have known of the dangerous and hazardous condition on its premises and/or the condition had existed for a sufficient length of time so that Defendant knew or should have known of the condition and could have easily remedied the condition.

11. As a direct and proximate result of the negligence of Defendant, Plaintiff slipped and fell and was caused to suffer bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical nursing care and treatment, lost wages, loss of ability to earn money and other injuries and damages as may be established. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff demand judgment against Defendant for all damages permitted by Florida law, costs, prejudgment interest on expenses incurred and post judgment interest, together with such other and further relief this Court deems equitable and just.

### TRIAL BY JURY

Plaintiff respectfully demand a trial by jury of all issues and counts so triable herein.

**RESPECTULLY** submitted this 15th day of December, 2022.

**ESQUIRE LITIGATION GROUP**

*[signature]*

Whitney S. Reeves, Esq.
Email: Wreeves@esquirelitgroup.com
FBN: 1031468
Ryan McNeill, ESQ.
FBN: 1008340
Email: Rmcneill@esquirelitgroup.com
*Attorneys for Plaintiff*
6278 Dupont Station Court E., Unit 2
Jacksonville, FL 32217
Phone: (904) 290-3476
Fax: (904) 404-8367